UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGIE NOVY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-1929 |
| § | |
| APPLE INC., § | |
| § | |
| Defendant. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Angie Novy ("Novy"), who is proceeding *pro se* and *in forma pauperis*, has sued Apple Inc. ("Apple"). Novy's claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") as frivolous and for failure to state a claim on which relief may be granted. All pending motions are **DENIED AS MOOT**.

### BACKGROUND

Novy's complaint consists of the following single handwritten paragraph:

> On 8·2·2024 I entered on Apple store in Tampa Florida I brought a couple of Apple products with me doing so I learned that I had been sold an Iphone that Apple Inc. and its Employees were in my Iphone. Due to the extent of why I'm homeless and having to hand write documents in court is because Apple Inc and it's Employees wanted to control me and their wickedness lawlessness Espionage of my life I'm seeking Raise from this court to have Apple Inc Appear in court and this Iphone and Air Mac laptop that I was sold to ensure and to have them paying us in the sum of 1 Billion When I'm in front of your court Judge I will be able to go into detail

Dkt. 1.

In a motion filed simultaneously with her complaint, Novy requests that the Court "make all court proceedings offline" because "[her] life is in grave danger by every Democratic law enforcement wokeness." (Dkt. 2).

## SECTION 1915

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015).

An *in forma pauperis* case may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Newsome*, 301 F.3d at 231. "A complaint lacks an arguable basis in

law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quotation marks omitted).

When determining whether an *in forma pauperis* complaint states a claim on which relief may be granted, the district court must determine whether the complaint's allegations satisfy the federal pleading standard. *Newsome*, 301 F.3d at 231; *see also Callins v. Napolitano*, 425 Fed. App'x 366 (5th Cir. 2011). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards."). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to a motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

The Court concludes that it must dismiss Novy's claims under Section 1915. Novy alleges that Apple "want[s] to control [her]" by using her iPhone to engage in "espionage of [her] life[.]" (Dkt. 1). This allegation reads more like an unfortunate paranoid delusion than a factual allegation on which a valid lawsuit can be based. Numerous federal courts have dismissed similar allegations as too fantastic and delusional to state a cognizable claim. *See, e.g., Owens-El v. Pugh*, 16 Fed. App'x 878, 879 (10th Cir. 2001) ("[Petitioner] alleges that he is being harassed and tortured through a mind-control device."); *Jackson v. Johnson*, No. 3:05-CV-1230, 2005 WL 1521495, at *1–2 (N.D. Tex. June 27, 2005), *adopted*, 2005 WL 1668084 (N.D. Tex. July 13, 2005) ("Plaintiff also accuses the FBI of conspiring with state and local police to invade his privacy through highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry."); *Dunigan v.*

*Federal Bureau of Investigation*, 3 Fed. App'x 461, 461–62 (6th Cir. 2001) ("Dunigan filed her complaint in the district court in which she made allegations to the effect that federal officials controlled the minds of plaintiff and her family through electronic devices.").

Novy has not alleged sufficient facts to establish that she has a valid claim against Apple. Her only allegation—that Apple is using her iPhone to control her mind—is too fanciful and delusional to provide a valid basis on which she can recover against Apple. Accordingly, the Court will dismiss Novy's claims under Section 1915 as frivolous and for failure to state a claim on which relief may be granted.

## CONCLUSION

Novy's claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief may be granted. All pending motions are **DENIED AS MOOT**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas on May 28, 2025.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE